Good morning, Your Honors. I'm Jeffrey Baird, representing Ms. Sanderson. I'll reserve two minutes for rebuttal. This is a Step 4 case about past work. The claimant's injury or primary impairments are in the back, she had to have lumbar surgery, and she had trouble sitting. She couldn't sit well. Her past relevant work was production pace, sitting at a computer with a headset on, taking customer complaints. She described that job as requiring sitting seven and a half hours a day or maybe eight hours a day because of the production pace. The vocational expert also said sitting all day or essentially all day or very little standing or some standing or very short standing. What the vocational expert never said was occasional standing, which would be two hours. ALJ limited plaintiff in the RFC and in the hypothetical questions to sedentary work. Sedentary work is a term of art under SSR 8310, and it means sitting six hours. Well, it's actually what it says is not standing or walking for more than two hours, which is different than a straight six hours. Well, it says standing and walking occasionally, which would be two hours. Right, so it means six to eight hours. No, Your Honor. Under the Terry case and under the Conway case, terms of art are set in SSR 8310 and in the palms, and to say sedentary work means sit six hours. But the ALJ said that specifically at the hearing. He kept saying sit six hours. Counsel, if limited to sedentary work were to mean impliedly of six hours sitting limitation, why isn't that a shared understanding then between the ALJ and the VE here where I think we had the original testimony? The ALJ said, you know, assume a hypothetical individual limited to sedentary work. Can they do this? And the VE said yes. So if under Terry they would have that mutual understanding, so then why wouldn't the record then establish that the VE testified that she could do it? Because the VE was clear sitting essentially all day. The VE drew a distinction with the DOT and never said standing occasionally. He never responded six hours is good. Ms. Ayerza, the VE, consistently said it has to be sitting essentially all day because of the production pace. Well, and the VE also said there can be some standing involved, especially since mostly they use a headpiece. It's pretty standard for people to wear a headpiece, so short standing can be done. Well, it's short standing, she said. She didn't say occasionally. But she did. Yeah. Well, okay. Yeah, occasional would be two hours. That would be the term of art, sedentary work. The VE responded over and over, very little standing. I mean, very little sitting because the ALJ kept pressing sit six hours, but the VE kept saying sit essentially all day. So that is at least an ambiguity. It was never really resolved. Under the substantial evidence review standard, isn't the ALJ, shouldn't we defer to the ALJ's resolution of that ambiguity if it is ambiguous? Right. The ALJ can resolve ambiguities, but the ALJ didn't. The ALJ specified sedentary work and six hours of sitting. That was never clarified. The VE said sitting almost all day. Are you, and I'm not real familiar with this area of the law, but are you saying that sedentary work means you literally can't move from your seat for six hours? No. No. The term of art is defined in SSR 8310 in the Palms and for authority. And I'm looking at 8310, it says, jobs are sedentary if walking and standing are required occasionally. Right. It also says six hours, right? Six hours sitting. But as you just agreed, that can't be literal. It's about six hours. You could never go to the facilities or anything like that. It would be about six hours. But the point is her job was production pace and required being at a computer, and that's why the sitting was eight hours, as she described, or all day or essentially all day by the VE. So that's the puzzle. It's at best ambiguous, but I think the VE was clear it takes more than six hours of sitting. And from what the ALJ said, sedentary work as a term of art means sitting about six hours, and the ALJ specified at the hearing, sit six hours. So there wasn't that shared understanding, Judge Sung. Well, that's really the main argument. I don't know that she could even sit six hours. She had to have the lumbar surgery shortly after the date last insured, so that suggests she did have the serious lumbar problem she described and Dr. Gritska described throughout the short period of issue, which runs from September 2015 to October, or it was even shorter than that, September 2015 to March 2016. So in that span, she had to establish that she couldn't perform her past relevant work. And in that span, she was still under schedule of getting surgery on her lumbar, a fusion, a few months later. And I will reserve the rest for rebuttal, if I can. Good morning. May it please the Court, Jeff Staples here for the Commissioner, who asks that you affirm the District Court's judgment because substantial evidence supports the ALJ's findings of fact. I think about the sedentary work, I think we were getting confused about what is the limiting factor in these jobs. And the limiting factor, I think you were right on it, Judge Graber, it's standing. You know, SSR 8310, I think you read exactly the right point, should total no more than about two hours. Counsel, what I would like to ask you about is a couple things because we also have, unfortunately not cited by the parties, but a 1996 Social Security ruling that has language that is very similar to what was considered in Terry. And it says, in order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately six hours of an eight-hour work day. And then the ALJ at the hearing interjected a couple times to say, when counsel was suggesting that sedentary work requires eight hours of sitting, the ALJ interjected and said, no, it's six. And then we also have the commissioner taking the position in a number of the cases, exactly the position that Sanderson is taking now, which is that limited to sedentary work implies a six-hour sitting limitation. So can you reconcile the commissioner's position in this case with its position in other cases? So my understanding is that the six hours is what you need to be able to do. You need to be able to do at least six hours of sitting. But the standing and walking has to top out at two hours. You can't have more than two hours of standing and walking, but you can have less because it's always sitting that makes up the balance in these jobs. So, you know, when we're talking about medium work, that's a cap of six hours standing and walking, and then sitting makes up the rest. So that's why the SSR says standing and walking should total no more than about two hours and why the regs and the DOT kind of talk about the standing and walking as being up to, you know, not exactly. It's not that, you know, and the vocational expert was explaining, it's not exactly this. Sitting can go over to make up for the standing and walking. I agree with you that that is the more common sense and plain understanding of the regulations and the definitions of the various levels of work. But I also have multiple cases in which we have quoted the commissioner's position as arguing that an RFC for sedentary work intrinsically and implicitly means that an individual is limited to sitting for approximately six hours of an eight-hour day. And I could go on. So my concern is that the commissioner has essentially taken the position that the limited to sedentary work is a term of art that implies a six-hour sitting limitation. So what am I supposed to do with that when I see it over and over again in the cases? I mean, I think, you know, as counsel pointed out and as you pointed out, that's how these terms of art are. That's how you kind of stack them up, right? You've got six. In the case of sedentary, you've got six hours sitting and then two standing and walking. In the case of light or medium, you've got six standing and walking, two sitting. But I don't think that means that there's no room for movement in sedentary, the standing and walking. Otherwise, you know, the regs and the SSRs, I mean. Counsel, can I ask you slightly? In a case called Vertigan in 2001, we held that sedentary work involves sitting or the ability to do such for six to eight hours a day. Are you aware of any case or regulation that postdates 2001 that alters that holding? No, Your Honor, I'm not. And I think that is exactly what I was trying to get to and I was fumbling a little bit, so I appreciate that. But I don't think the position is six and no more, not one minute more. It doesn't matter what your position is if we've held to the contrary. Right. And I think that's a perfectly good, that is the law and that is consistent with the regs and with SSR 8310 that the standing and walking can go up to two, but the sitting doesn't max out at six. It's not no more than six for sitting. I also, in reading your brief, I see that at some point you state that even assuming that there is a six-hour sitting limitation, you know, substantial evidence supports a finding, that Ms. Sanderson can't do her past work. But in the brief, in the whole argument, you also seem to concede that the record is ambiguous, and I don't see you actually develop your argument in any way that even assuming a six-hour sitting limitation, the decision is supported by substantial evidence. So if we were to find that the ALJ intended to imply a six-hour sitting limitation, what should we do? I think for one thing, as you were pointing out, there is, there does seem to be a meeting of the minds between the ALJ and the vocational expert. You know, at least as generally performed, I think those, you know, that could line up with what's in the Dictionary of Occupational Titles. I mean, I think, you know, we put things in our brief for the sake of, you know, covering all our bases here, but I think the much stronger argument is that she actually could do the job as she and the vocational expert described it being, you know, more like seven and a half hours of sitting. And I think I wanted to talk briefly about the colloquy that we've been discussing between the vocational expert, Sanderson's attorney, and the ALJ. And I think there was a little bit of confusion about when the ALJ was talking about six hours, that's in the context of standing up and taking breaks, you know, going away from the workstation. That's what they're talking about at that point. They're not talking about just, you know, how much standing is involved or can the person sit for six hours. The ALJ was saying that, you know, you need to be able to sit for six, and if you have to be taking a break for the rest of the time, which is kind of what they were describing, you know, you stand up and you come away from the workstation. Well, that's not consistent with any of these jobs or any other jobs. But then on the very, you know, toward the end of the colloquy. You indicated the vocational expert, I think, that you could wear a headpiece, and that's commonly done so that allows you to stand up and so forth. Absolutely, Your Honor. And so if you're talking about taking the headpiece off and coming away from the station, that's not going to work. And the ALJ says, you know, if I find that she needs these kind of breaks, like you're describing, then I'm going to find her disabled, of course. I'm looking at the transcript, and it says, Sanderson's attorney asks, is it fair to say that a person who can't sit eight hours a day would not be able to do that job, something to that effect? And the ALJ interchecks and says, well, the standard is six out of eight. In context, that implies to me the ALJ believes, rightly or wrongly, that sedentary work requires six hours of sitting out of eight. Right, so the ability to do sedentary work doesn't mean that you have to be able, like Judge Rakoff was saying, that you have to stay in your seat for eight straight hours. That's not what it is because it also involves some standing and walking. And I think when you look at the context of the whole record, the whole conversation, when the VE is describing this job as requiring about seven and a half hours of sitting and standing occasionally in there, the ALJ is not interjecting and saying, whoa, whoa, whoa, I meant six and then stop. Well, it literally says, let's make clear, the standard for sedentary is six out of eight, not the full eight out of eight. VE says, right. And the ALJ says, it's six out of eight. VE says, right. I mean, to me, that suggests to me they're saying something about sitting being, the sedentary work requiring six hours of sitting out of eight, which would be consistent with the Social Security ruling that says sedentary work requires six hours of sitting out of eight. Right. I think what the ALJ was getting at there is it doesn't mean eight, right? It doesn't mean, sedentary doesn't mean you have to be able to sit for the entire day. And I think if you go to the very next page, the attorney asks, you know, the attorney clarifies that sedentary can involve sitting for six or more. And the VE agrees, says, yes, that's what we're talking about here. So that's on 1357. So, you know, that sentence that you've taken, Judge Sung, and I agree, you know, that if you looked at it in isolation, that certainly would look like the ALJ meant sedentary work involves sitting six hours and no more. But I think when you look at the rest of it, what they're talking about there is it doesn't mean eight out of eight. It doesn't mean you have to be able to sit eight out of eight. You can have some standing and walking in there. But what they were talking about, what they were trying to get the contours of, was these breaks from the workstation. That's the context of that question. And the ALJ goes on and says, you know, hey, no, I mean, if the person is going to be away from their desk and they're not going to be doing things, then I'm going to find her disabled. But the ALJ didn't, and, you know, the ALJ gave a lot of good reasons for that. So I see my time is up. I appreciate the opportunity to answer these questions. And we'll ask that the court affirm. Ordinarily when an ALJ sets an RFC, they'll start with the category. So they'll say light work, but stand two hours, lift 50 pounds, whatever. Here the ALJ started with the category sedentary work and said no more. That is not like Vertigo. That is using the term of art, sit about six hours, which the ALJ clarified in the examination of the vocational expert. I mean six of eight. I mean standing up to two. The VE never indicated standing up to two would be okay because it's production pace. So you could stand and have the headset on, but you couldn't be typing in. You couldn't be staying at production pace. That was the implications of certainly what the claimant said, but also what the VE said. So that's the distinction. In the Lounsbury case, what was critical was the category, right? The ALJ has to apply the category first and then can refine it. But here the ALJ, by saying sedentary work, was using the term of art, which is the exact same as Terry or Conway. It's 8310. It means six hours. And in the same cases that I quoted to the commissioner, where the commissioner seems to have taken the position over and over again that limitation to sedentary work implies a six-hour sitting limitation, the courts have repeatedly rejected that argument, essentially for the reasons stated by Judge Graber, which is that in actuality these levels of work are defined by a maximum or by a range of standing and walking, and that sedentary work can require a minimum of six, but up to eight hours of sitting. And so they've repeatedly rejected the argument, as far as I can tell. Well, not in Terry or Conway. Well, Terry or Conway involved the medium work regulation, and then it was about standing or walking. Okay. So it is very, there are, I acknowledge there are many parallels, but there are some potentially significant differences as well. But the ALJ didn't specify in the RFC, sedentary work's a category, and I'm thinking sitting up to eight hours or seven and a half. It just stated the category. And if they're doing that, that's the term of art, meaning about six hours, which, again, the ALJ specified again and again at the hearing. But the VE never backed down. This is sitting all day or essentially all day. And the standing you might do for relief, but it's production pace. Thank you very much. Thank you, counsel. Thank you for your arguments. This matter is submitted.
judges: GRABER, SUNG, Rakoff